UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RUNIONS, | No. 2:15-cv-0915-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN GENERAL HOSPITAL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  He concedes that he did not present the facts in his complaint for review through the administrative grievance procedure prior to commencing this action.  *See* ECF No. 1, § I. This action must therefore be dismissed for plaintiff's failure to exhaust administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1    The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide
2 that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title,
3 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
4 until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This
5 requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001);
6 *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute
7 making exhaustion a precondition to judgment, but it did not. The actual statute makes
8 exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative
9 remedies before filing any papers in federal court and is not entitled to a stay of judicial
10 proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006);
11 *McKinney*, 311 F.3d 1198.

12    California prisoners may appeal "any policy, decision, action, condition, or omission" that
13 the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code
14 Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three
15 levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs.
16 tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a
17 "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*,
18 § 3084.1(b).

19    Here, plaintiff alleges that staff at San Joaquin Hospital, who have been treating him as a
20 prisoner-patient for his coronary artery disease, were deliberately indifferent to his serious
21 medical needs. He is suing the hospital, J. Kelso (receiver), and Dr. Singh. He concedes that he
22 never filed a grievance regarding his allegations. ECF No. 1 at § I(C). He states that he did not
23 pursue a grievance because the he is "filing against San Joaquin Gen Hospital & J. Kelso
24 Receiver over medical and Dr. Singh, M.D." *Id.* at § I(D). Plaintiff appears to believe that
25 exhaustion is not required if his claim relates to medical care, or perhaps, to medical care that was
26 provided by an outside hospital. Exhaustion, however, is mandatory in all actions concerning
27 "prison conditions." *See* 42 U.S.C. § 1997e. "Prison conditions" subject to the exhaustion
28 requirement have been defined broadly as "the effects of actions by government officials on the

1   lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d
2   446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  The
3   medical care made available to plaintiff as a prisoner, whether or not inside the prison walls,
4   plainly falls into this category, and plaintiff's proposed exception to the exhaustion requirement
5   does not excuse his failure to complete the administrative review process.  *See Booth*, 532 U.S. at
6   741 n. 6 (stating courts should not read "futility or other exceptions" into § 1997e(a)); *Porter v.*
7   *Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance
8   proceedings, notably money damages, exhaustion is a prerequisite to suit."); *id.* ("All 'available'
9   remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they
10  be 'plain, speedy, and effective.'")

    "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The concessions in plaintiff's complaint demonstrate that he has not "properly exhausted" his claims by pursuing all levels of administrative review available to him, and that there is no applicable exception to the exhaustion requirement. This action must therefore be dismissed without prejudice. *See Wyatt*, 315 F.3d at 1120.

    Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

DATED: June 23, 2015.

                                    _____
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE